UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

U.S. DISTRICT COURT
GREENEVILLE TN

2010 JAN -7 A 11: 03

FILED

| | |
|---|---|
| LETITIA A. SMITH, | ] |
| Plaintiff, | ] |
| VS. | ] |
| METLIFE SECURITIES, INC., METROPOLITAN LIFE INSURANCE COMPANY, and MARK A. SALYER | ] CIVIL ACTION NO. 2:10-cv-4 |
| | ] Judge R. Leon Jordan |
| Defendants. | ] |

# COMPLAINT

For her cause of action against the defendants, plaintiff would respectfully show to the Court as follows:

## JURISDICTION

1. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C.A. § 1332(a)(1). There is complete diversity of the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00); all as set forth hereinafter.

## PARTIES

2. The plaintiff, Letitia A. Smith, resides at 416 Beechwood Lane, Woodstock, Georgia 30189.

3. The defendant, MetLife Securities, Inc., is a Delaware corporation doing business in

the state of Tennessee. This defendant's registered agent for service of process is C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

4. The defendant, Metropolitan Life Insurance Company, is a New York corporation doing business in the state of Tennessee. This defendant's registered agent for service of process is Commissioner, Tennessee Department of Commerce and Insurance, 5th Floor, 500 James Robertson Parkway, Nashville, Tennessee 37243.

5. Mark A. Salyer is a citizen and resident of Sullivan County, Tennessee. At all relevant times prior to October 20, 2007 Salyer was a registered representative with the defendant, MetLife Securities, Inc., and held other positions/credentials with the affiliated MetLife companies.

## CAUSE OF ACTION I

6. With the intent that plaintiff and other similarly situated persons would place the management of their assets with them and/or affiliated MetLife companies, and/or invest in products offered by them and/or affiliated MetLife companies, defendants MetLife Securities, Inc. and Metropolitan Life Insurance Company each represented and held itself out to the public to be an entity having utmost competence in the field in which it was engaged as well as being an entity in which its customers/clientele could and should place their utmost trust. Defendants MetLife Securities, Inc. and Metropolitan Life Insurance Company each further represented to the public that its customers/clientele should seek and rely upon guidance and advice from the defendants.

7. With the intent that plaintiff and other similarly situated persons would place the

management of their assets with them, and/or invest in their products, defendants MetLife Securities, Inc. and Metropolitan Life Insurance Company each held defendant Salyer out as its representative in which its customers/clientele could place their utmost trust for advice, guidance and for properly carrying out the customer's/client's business. Further, one or both of the defendants, MetLife Securities, Inc. and Metropolitan Life Insurance Company, made awards and other distinctions available to its employees, many of which were bestowed upon defendant Salyer for the purpose of reinforcing to existing customers/clients as well as prospective customers/clients that their affairs are/would be in good hands if placed with defendant Salyer.

8. The plaintiff wrote a check for one hundred twenty six thousand dollars ($126,000.00) at the direction of, and in reliance upon the representations of, defendant Salyer as an authorized representative of one or both of the defendants, MetLife Securities, Inc. and Metropolitan Life Insurance Company. The money was specifically directed by plaintiff to be deposited into an authorized MetLife Section 529 Plan.

9. Defendant Salyer instructed plaintiff to make her check payable to Horizon Holdings. Plaintiff did not know that Horizon Holdings was not a part of either defendant MetLife Securities, Inc. or Metropolitan Life Insurance Company.

10. Defendant Salyer, as representative of one or both of the defendants, MetLife Securities, Inc. and Metropolitan Life Insurance Company, and in breach of the fiduciary duties and other obligations owed plaintiff, misappropriated the sum of One Hundred Twenty-Six Thousand Dollars ($126,000.00) belonging to the plaintiff.

11. Defendant Salyer as an authorized representative of one or both of the defendants, MetLife Securities, Inc. and Metropolitan Life Insurance Company, and pursuant to his

3

employment and/or agency with said defendant companies, used the position afforded him by said defendant companies to convert all of the above funds for his own use and benefit.

12. The defendants, MetLife Securities, Inc. and Metropolitan Life Insurance Company, failed to adequately supervise defendant Salyer; thus allowing defendant Salyer to initiate, maintain and conceal his improper and illegal activities leading to plaintiff's loss of all of the above mentioned funds.

13. The defendants, MetLife Securities, Inc. and Metropolitan Life Insurance Company, failed to adequately identify, monitor, detect, prevent and/or investigate suspicious activities involving the accounts of their customers including without limitation the plaintiff's funds invested on her behalf by defendant Salyer.

14. The improper and illegal act of defendant Salyer which led to the plaintiff's loss as described herein was undertaken by defendant Salyer pursuant to a scheme allowed in necessary part by the express or apparent authority granted him by the defendants, MetLife Securities, Inc. and Metropolitan Life Insurance Company.

15. Defendant Salyer through scheme and devices concealed his wrongdoing from plaintiff using his position of trust afforded him by the defendants, MetLife Securities, Inc. and Metropolitan Life Insurance Company.

16. The defendants, MetLife Securities, Inc. and Metropolitan Life Insurance Company, discovered numerous wrongful acts of a similar nature by defendant Salyer on or about October 20, 2007 and terminated his employment.

17. Neither MetLife Securities, Inc. and Metropolitan Life Insurance Company contacted the plaintiff regarding the termination of employment of defendant Salyer nor of their own

initiative have they contacted her regarding her loss. The plaintiff learned of improper investment of her funds following defendant Salyer's termination.

18. Despite reimbursement of others who suffered loss under similar circumstances, the affiliated MetLife companies have refused to reimburse plaintiff.

CAUSE OF ACTION II

19. Upon the advice and direction of defendant Salyer, plaintiff and her sister, Lydia Salyer, purchased life insurance on their mother, Patsy A. Holt, through defendant Metropolitan Life Insurance Company.

20. Defendant Metropolitan Life Insurance Company issued Policy No. 983205639PR-R with an initial death benefit in excess of One Million Dollars ($1,000,000) with an annual premium of Thirty Nine Thousand Nine Hundred Ninety-Nine Dollars and Ninety-Eight Cents ($39,999.98).

21. Defendant Salyer advised that the purchase of the life insurance was prudent and necessary due to anticipated estate and inheritance taxes due upon the death of Patsy A. Holt.

22. Defendant Salyer directed Patsy A. Holt to make annual gifts to provide the funds necessary to pay the premiums.

23. Defendant Salyer assured plaintiff that he would take care of all matters relating to the policy and he prepared the necessary paperwork such that all correspondence was sent to his home address.

24. Following the termination of defendant Salyer on October 27, 2007 for misappropriation of client funds, plaintiff made inquiry as to the status of the life insurance

policy as plaintiff knew her mother could no longer make gifts; she, as a client of the affiliated MetLife companies, having lost all of her funds due to the misappropriations and misdeeds of defendant Salyer.

25. In response to plaintiff's inquiry to the Metropolitan Life Insurance Company plaintiff was furnished with a transaction statement which showed various policy loans. Upon further inquiry plaintiff discovered that defendant Salyer had fraudulently and without her knowledge or consent procured two loans from Metropolitan Life Insurance totaling One Hundred Fifty Thousand Dollars ($150,000.00) against the value of the life insurance policy; the proceeds of which he obtained and converted to his own accounts through forgery.

26. Defendants Metropolitan Life Insurance Company and MetLife Securities, Inc. failed to properly supervise defendant Salyer and failed to detect the fraud and forgeries of their agent, defendant Salyer, resulting in loss of the loan proceeds and resulting in interest charges against the life insurance policy.

PREMISES CONSIDERED, PLAINTIFF THEREFORE PRAYS:

1. That proper process be issued to each of the defendants requiring each defendant to answer this complaint.

2. That plaintiff be restored the sum of One Hundred Twenty-Six Thousand Dollars ($126,000.00) which she placed with the defendants for a MetLife Section 529 Plan with judgment interest from such date.

3. That the two subject loans against plaintiff's life insurance policy be rendered void and that all relevant values of the plaintiff's life insurance policy be adjusted appropriately to place the policy in the same position it would have been if these loans had not been charged

against it.

4. That the defendants be held jointly and severally liable to the plaintiff for all damages incurred by her as a result of the illegal and improper acts of Mark A. Salyer whether taken by him individually or in concert with others relative to plaintiff's dealings with MetLife Securities, Inc. and Metropolitan Life Insurance Company.

5. That the plaintiff be awarded punitive damages in a sum sufficient to deter the defendants from further committing any act found in this suit to be tortious.

6. That the costs of this cause be taxed to the defendants and that plaintiff have such further and different relief to which she may be entitled.

7. That a jury be empaneled to try this cause.

Respectfully submitted,

_____
Thomas L. Kilday, BPR #004732
(tkilday@milligancoleman.com)

_____
Ronald W. Woods, BPR #10320
(rwoods@milligancoleman.com)

MILLIGAN & COLEMAN
230 W. Depot Street
P. O. Box 1060
Greeneville, TN 37744-1060
(423) 639-6811
Attorneys for Letitia A. Smith

7